**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.   **19-20214-CR-GAYLES**

**UNITED STATES OF AMERICA**

v.

**AQUARIUM MARKETING CORP.,**

**Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and **AQUARIUM MARKETING CORP.** (AMC) (hereinafter referred to as the "defendant") enter into the following agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

I.      Guilty Plea

A.      The defendant agrees to plead guilty to Count 1 of the Indictment filed against it, which charges the defendant with conspiring to knowingly export fish and wildlife, specifically *Euphyllia spp.* and *Physogyra spp.* corals among others, and multiple species of tropical fish, including angel fish, blue tangs, and gobies, knowing that said fish and wildlife, including corals, were transported and sold in violation of the laws and regulations of the United States, that is, Title 16, United States Code, Sections 3372(a)(1), 3372(d), 3373(d)(1)(A) and Title 18, United States Code, Section 554,   all in violation of Title 18, United States Code, Section 371.

B.      The defendant agrees to admit that it is in fact guilty of the felony offense charged in the Indictment through the actions of its employees, acting within the scope of their employment.

II.     Corporate Authorization and Organizational Changes

A.     The defendant will provide to the United States written evidence in the form of a notarized resolution of the Board of Directors with both notary and corporate seals, certifying that AMC is authorized to plead guilty to the felony offense set forth in the Indictment, and to enter into and comply with all provisions of this plea agreement. The resolution shall further certify that its President is authorized to take these actions and that all corporate formalities, including but not limited to, approval by the AMC Board of Directors, required for such authorization, have been observed. The defendant agrees that the President of the company shall appear on behalf of the company to enter the guilty plea and for imposition of the sentence in the United States District Court for the Southern District of Florida.

B.     At all relevant times, AMC was a corporation organized under the laws of the State of Florida with its principal place of business at 4615 NW 72 Ave, Suite 112, Miami, Florida 33166. AMC was engaged in the purchase, sale, and export of fish and wildlife, including corals and ornamental fish from Miami to Colombia.

III.     Sentencing Guidelines and Penalties

A.     The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines would normally be determined by the court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation would commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart

2

from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in Section I.A and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

B. The parties agree that the maximum amount of the fine which may be imposed under the statute charged for Count 1 is the greater of: $500,000, or twice the gross pecuniary gain or gross loss resulting from the offense, pursuant to Title 18, United States Code, Sections 3571(d) and 3571(c)(3). In addition, the defendant understands and agrees that it may be subject to a term of probation of not more than five years with respect to Count 1. Title 18, United States Code, Section 3561(c)(1).

C. The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $400 will be imposed on the defendant, payable to the "Clerk, United States Court" at the time of sentencing. Title 18, United States Code, Section 3013(a)(2)(B).

D. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the

3

defendant may receive, is a prediction, not a promise, and is not binding on the United States, the probation office or the court. The defendant further understands that any recommendation that the United States makes to the court as to sentencing, whether pursuant to this plea agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in Section III.A. above, that the defendant may not withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

E. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the United States further reserves the right to make any recommendations as to the quality and quantity of punishment.

IV. Additional Liability

A. The United States agrees that in return for AMC's representations and undertakings in this agreement, the United States will dismiss Counts 2-6 at the time of sentencing and will not file additional criminal charges against it in the Southern District of Florida for violations associated with improper export transactions involving the sale of corals and fish, disclosed and known to the United States, as of the date of the signing of this plea agreement. This plea agreement does not provide or promise or waiver of any other criminal, civil, or administrative actions that may apply, including but not limited to: fines, penalties, suspension, debarment,

listing, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

B.      AMC agrees that in return for the representations and undertakings in this agreement by the United Sates that it will surrender at the time of the execution of this Plea Agreement all permits and licenses issued by the United States Fish & Wildlife Service to AMC, including its Import-Export License,

V.      <u>Express Waiver of Right to Appeal Guilty Plea and Sentence</u>

The defendant is aware that Title 18, United States Code, Section 3742 would normally afford the defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).   However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights.   By signing this agreement, the defendant acknowledges that it has discussed the appeal waiver set forth in this agreement with its attorney.   The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of its right to appeal the sentence to be imposed in this case was knowing and voluntary.

VI.     Binding Final Agreement

This is the entire agreement and understanding between the United States and the defendant.   There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:     _____
Thomas A. Watts-FitzGerald
Assistant United States Attorney
Florida Bar No. 0273538

**Reviewed and agreed to:**

Date:   _____

By:     _____
FELIPE JARAMILLO, ESQ.
ATTORNEY FOR DEFENDANT
AQUARIUM MARKETING CORP.

Date:   _____

By:     _____
LUIS DAVID CUARTAS GAVIRIA
PRESIDENT
AQUARIUM MARKETING CORP.

6